## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| 24 HOUR FITNESS USA, INC., *Plaintiff*, vs. ANDREA DIACONO (CAVENDER), *Defendant*. | Case No. 11-2669-EFM/JPO |

## ORDER

There are four cases currently pending before the undersigned Judge that are all related, although they have not been designated as related to each other. These cases include Case Nos. 11-2668, 11-2669, 11-2670, and 11-2679. A substantially similar case, Case No. 12-2038, is before Senior Judge Crow.

All of the cases filed in the District of Kansas apparently relate to ongoing litigation in the case of *Beauperthuy v. 24 Hour Fitness*,[1] occurring in the Northern District of California. Judge Crow set forth the background of *Beauperthuy* and how that case relates to the cases filed in the District of Kansas in a recent Memorandum and Order,[2] and the Court will not set forth the background here. Due to the procedural posture of the *Beauperthuy* case, Judge Crow found that judicial efficiency and the avoidance of duplicative or conflicting judgments favored staying Case No. 12-2038 for ninety days or until a Northern District of California ruling bearing on the central

---

[1] No. 06-0715-SC.

[2] *See 24 Hour Fitness USA, Inc. v. Ramirez*, 2012 WL 859725 (D. Kan. Mar. 13, 2012).

issues in the case.[3]

In three of the cases before the Undersigned, there are motions to dismiss, or alternatively, motions to stay the case.[4] Defendants argue, in part, that the Court should stay the case pending a ruling from the Northern District of California on the appropriate venue in which these cases should be arbitrated.[5] In response, Plaintiff also asserts that the cases should be stayed until the Northern District of California makes this determination. Thus, all parties agree that the cases should be stayed. The Court also concurs with Judge Crow's reasoning that judicial efficiency favors staying the actions filed in the District of Kansas until the Northern District of California rules on these arbitration issues. Accordingly, the Court stays these three cases, Case Nos. 11-2669, 11-2670, and 11-2679.

**IT IS ACCORDINGLY ORDERED** that Defendant's Motions to Dismiss, or Alternatively, to Stay (Doc. 11 in Case No. 11-2669; Doc. 9 in Case No. 11-2670; and Doc. 8 in Case No. 11-2679) are **GRANTED IN PART** and **DENIED IN PART**. The Court stays these three cases.[6] The Court adopts Judge Crow's requirements of Plaintiff: the Court will stay these actions for a 90-day period and require 24 Hour Fitness to file a report of the California proceedings at the end of the 90 days or upon a Northern District of California ruling bearing on the central issues raised here,

---

[3] *See* Case No. 12-2038-SAC, Doc. 18. The central issue is the appropriate place in which to arbitrate these claims.

[4] Doc. 9 in Case No. 11-2670; Doc. 8 in Case No. 11-2679. In Case No. 11-2669, there is no indication that there is a pending motion. The Court, however, has determined that Defendant's "Answer" filed on April 6, 2012(Doc. 11) is actually a Motion to Dismiss, or Alternatively, a Motion to Stay the Case.

[5] The Court will not set forth Defendant's arguments regarding dismissal in this Order because the Court finds it unnecessary to address these arguments at this time.

[6] With respect to the fourth case before the Undersigned, Case No. 11-2668, the Court does not stay that action at this time. The Court recently ordered Plaintiff to serve Defendant within sixty days. (Doc. 7 in Case No. 11-2668). If Plaintiff successfully serves Defendant, the Court will order a stay of that case, if necessary.

whichever occurs first. The report should discuss the pertinent rulings, the pendency of relevant matters, and the estimated length of any requested extension of stay.

**IT IS SO ORDERED**.

Dated this 27th day of April, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE